UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|                                          |                                         |
| LORINDA IRENE SWAIN #366167,             | Case No. 1:05-cv-438                    |
|     Petitioner,                          | HONORABLE PAUL L. MALONEY               |
|         v.                               | Magistrate Judge Ellen S. Carmody       |
| ROSETTUS WEEKS,                          |                                         |
|     Respondent.                          |                                         |

_____

**OPINION and ORDER**

**Dismissing the Petition for Writ of Habeas Corpus without Prejudice as Moot;
Striking the Report and Recommendation as Moot;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), state prisoner Lorinda Irene Swain's 28 U.S.C. § 2254 petition for a writ of habeas corpus was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. As ordered by the Magistrate Judge on August 18, 2008, Swain filed an amended petition on August 29. *See* Doc. Nos. 4-6. The Magistrate Judge issued a Report and Recommendation ("R&R") on August 20, 2008, recommending that Swain's amended petition be dismissed with prejudice as both procedurally defaulted meritless, and Swain filed timely objections on August 29, 2008. *See* Doc. Nos. 46 and 47. As ordered by this court on December 2, 2008, respondent Weeks filed a response to the objections on January 8, 2009. *See* Doc. Nos. 48 and 49. Swain did not seek leave to file a reply in support of her objections.

The court finds Magistrate Carmody's R&R to be thorough and well-reasoned, and was inclined to overrule Swain's objections and adopt the R&R. But subsequent events have mooted Swain's federal habeas petition and, therefore, the R&R.

On February 6, 2009, an attorney entered an appearance on behalf of Swain and filed a proposed stipulation and order staying this case and holding it in abeyance while she pursues an additional state-court remedy. *See* Doc. No. 51. This court granted the motion and stayed the case on February 12, 2009. *See* Doc. No. 52.

Swain's Successful Motion for Relief from Judgment in Michigan Trial Court.

On March 12, 2009, Swain filed with the 37th Circuit Court of Calhoun County, Michigan ("the circuit court"), a motion for relief from her judgment of conviction. *See* Doc. Nos. 53 and 54 (courtesy copies filed with this court). In a twelve-page opinion filed July 21, 2009 and mailed July 23, 2009, the Honorable Conrad J. Sindt, Michigan Circuit Judge, granted Swain's motion for relief from judgment, vacated her conviction, and set the case for a new trial. *See People v. Lorinda Irene Swain*, Case No. 2001-004547-FC, slip op. (Mich. Cir. Ct. Calhoun Cty. July 21, 2009) (not yet available on WestLaw or in N.W.2d).

Proceedings Before the Michigan Court of Appeals.

On September 3, 2009, the Michigan Court of Appeals denied the government's application for leave to appeal. *See People v. Lorinda Irene Swain*, Appeal No. 293350, slip op. (Mich. App. Sept. 3, 2009) (p.c.) (P.J. Jane Markey, J. Jane Beckering, J. Douglas Shapiro) (not yet available on WestLaw or in N.W.2d). On September 10, 2009, the same panel amended its order, clarifying that

the government had sought leave to appeal, not Swain. *See People v. Lorinda Irene Swain*, Appeal No. 293350, slip op. (Mich. App. Sept. 10, 2009) (p.c.) (not yet available on WestLaw or in N.W.2d). On September 11, 2009, the panel again amended its order, clarifying that the government's assignments of error lacked merit. *See People v. Lorinda Irene Swain*, Appeal No. 293350, slip op. (Mich. App. Sept. 11, 2009) (p.c.) (not yet available on WestLaw or in N.W.2d).

No Action Taken Before the Michigan Supreme Court

In Michigan criminal cases, with exceptions not applicable here, a party may appeal to the Michigan Supreme Court within 56 days "after the Court of Appeals clerk mails notice of an order entered by the Court of Appeals." *See* MICH. CT. R. 7.302(C)(2)(a). For the government's sake, the court assumes that the Michigan Court of Appeals clerk did not mail the Friday, September 11, 2009 order until Monday, September 14, 2009. If the 56-day period for seeking Michigan Supreme Court review began on Tuesday, September 15, 2009, the last day of the period was Monday, November 9, 2009. The government has not filed with this court any proof that it has sought review from the Michigan Supreme Court. Therefore, the Michigan Court of Appeals' decision denying review has become final under Michigan law. *See Grievance Administrator v. Fieger*, 719 N.W.2d 123, 136 n.17, 476 Mich. 231, 250 n.17 (Mich. 2006) (Taylor, C.J., for the majority) ("MCR 7.215(F)(1)(A) and MCR 7.302(C)(2)(a) and (b) . . . make it clear that a Court of Appeals decision does not become effective until after the expiration of the time for filing an application for leave to appeal in this Court.").

<u>No Action Possible Before the United States Supreme Court</u>

Because the government did not seek review from the Michigan Supreme Court, it cannot petition for *certiorari* from the United States Supreme Court. *Accord Saguilar v. Harkleroad*, 348 F. Supp.2d 595, 601 n.5 (M.D.N.C. 2004)("Supreme Court Rule 13.1 allows a petition for certiorari from a 'judgment in a criminal case of a state court of last resort.' Because petitioner elected not to seek review from the North Carolina Supreme Court, it would appear that he waived any right to certiorari review by the United States Supreme Court."), *app. dis.*, 145 F. App'x 444 (4th Cir. 2005).

**Accordingly, the court concludes that the state-court proceedings have definitively concluded in favor of petitioner Swain. This court cannot grant any relief, on the instant petition, beyond that which Swain has already obtained.**

Because this Order does not constitute a judgment on the merits of the Petition in favor of either party, FRCP 58 does not require the issuance of a separate judgment.

**ORDER**

The amended habeas corpus petition [**doc. # 6] is DISMISSED without prejudice as moot.**

The Report and Recommendation **[doc. # 46] is stricken as moot.**

This is a final order, but the court declines to issue a certificate of appealability.

This case is **TERMINATED** and **CLOSED**.

**IT IS SO ORDERED this     16th  day of November 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

4